UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY T. WILLIAMS and SHERRON WILLIAMS, husband and wife and the marital community composed thereof,

Plaintiffs,

v.

J.C. PENNY COMPANY, INC., a for-profit corporation doing business in the State of Washington; and SCHINDLER ELEVATOR CORPORATION, a/k/a SCHINDLER HAUGHTON ELEVATOR CORPORATION, a for-profit corporation doing business in the State of Washington,

Defendants.

Case No. C09-5687RJB

ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Plaintiffs' Partial Motion for Summary Judgment Re: Affirmative Defenses. Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

I. **FACTS**

Plaintiffs bring this action against Defendants based upon injuries Plaintiff Larry Williams alleges he sustained while traveling on an escalator in a store owned by J.C. Penny Company, Inc. ("J.C. Penny") on or about March 28, 2007. Dkt. 1. Plaintiff alleges that the escalator was serviced under contract by Defendant Schindler Elevator Corporation, a/k/a Schindler Haughton Elevator Corporation ("Schindler"). *Id*. The Complaint alleges that Defendants were liable for negligently failing to warn Mr. Williams of the danger associated with the escalator, failing to maintain and/or repair the escalator in a reasonably safe manner, failing to inspect the escalator to discovery the hazardous conditions, and failing to erect a

ORDER
Page - 1

barricade to prevent use of the escalator. *Id.* Plaintiffs seek damages and costs. *Id.*

The case was filed on September 29, 2009, and removed from Pierce County, Washington Superior Court on November 2, 2009, based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. Dkt. 1.

Plaintiffs now moves for Partial Summary Judgment, arguing that the following affirmative defenses should be dismissed: 1) failure to state a claim upon which relief may be granted, 2) statute of limitations, 3) laches, 4) insufficient process, 5) insufficient service of process, 6) statute of repose, and 7) fault of a third party. Dkt. 7.

Defendants file a Response, conceding that the following affirmative defenses should be dismissed: 1) failure to state a claim upon which relief may be granted, 2) statute of limitations, 3) laches, 4) insufficient process, 5) insufficient service of process, and 6) statute of repose. Dkt. 8, at 2. These defenses should be dismissed. Defendants argue that as to their affirmative defense, fault of a third party, more discovery is needed. *Id.* Defendants argue that the parties are scheduled to have the Fed. R. Civ. P. 26(f) conference on January 20, 2010. *Id.* Defendants move the Court to deny the motion to dismiss their affirmative defense of fault of a third party pursuant to Fed. R. Civ. P. 56 (f). *Id.*

Plaintiffs file a reply, arguing that: 1) Defendants have not met their burden to be granted relief pursuant to Fed. R. Civ. P. 56 (f) and 2) if the Court chooses to grant the Rule 56(f) motion, it should order the parties to determine the validity of that defense no later than February 15, 2010, as the statue of limitations will run on Plaintiffs' claims on March 28, 2010. Dkt. 10.

## II. DISCUSSION

### A. SUMMARY JUDGMENT - STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving

party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     RULE 56 (f) - STANDARD**

Fed. R. Civ. P. 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

To prevail under this Rule, parties opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty Inc.*, 574 F.3d 1084, 1091(9th Cir. 2009)(*citing Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004)). The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that the additional evidence would prevent summary judgment. *Id*. (*citing Chance v. Pac-Tel Teletrac Inc*., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001)).

1  Defendants have made a sufficient showing under Rule 56 (f) that further discovery is needed
2  before a ruling on the motion to dismiss their affirmative defense, fault of a third party, should be issued.
3  Parties were scheduled to have their Rule 26 conference yesterday. Dkt. 8. The Joint Status Report is
4  due on February 1, 2010. Dkt. 3. It appears that very little discovery, if any, has been done. Dkt. 9. In
5  this early stage of the litigation, it appears premature to decide a motion for summary judgment.
6  Moreover, Defendants made a timely application under Rule 56 (f), specifically identifying relevant
7  information. *Blough*, at 1091. The Court cannot conclude at this time whether or not the information
8  sought exists. *Id.*

9  If the Court is inclined to grant the Rule 56 (f) motion, Plaintiffs move the Court to set a deadline
10 for Defendants to disclose the identity of all third parties they claim are at fault by February 15, 2010.
11 Dkt. 10. Plaintiffs argue that they want time to add additional defendants, if there are any, before the
12 statue of limitations runs on March 28, 2010. *Id.* Plaintiffs point out that Defendants have in their
13 control any information about potential third parties who may be at fault. *Id.*

14 In an effort to reach the merits of this case and still have time for discovery, Defendants should be
15 ordered to expedite discovery on their affirmative defense of fault of a third party, and disclose the
16 identity of all third parties they claim are at fault on or before March 5, 2010.

### III.  ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiffs' Partial Motion for Summary Judgment Re: Affirmative Defenses (Dkt. 7) is **DENIED AS TO THE AFFIRMATIVE DEFENSE OF FAULT OF A THIRD PARTY**, and is **GRANTED AS TO THE FOLLOWING AFFIRMATIVE DEFENSES:**
    - 1) failure to state a claim upon which relief may be granted, 2) statute of limitations, 3) laches, 4) insufficient process, 5) insufficient service of process, and 6) statute of repose;
    - These affirmative defenses are **DISMISSED**;
- Defendants **SHALL** disclose the identity of all third parties they claim are at fault by March 5, 2010.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 21st day of January, 2010.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge