UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY T. WILLIAMS and SHERRON WILLIAMS, husband and wife and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>J.C. PENNY COMPANY, INC., a for-profit corporation doing business in the State of Washington; and SCHINDLER ELEVATOR CORPORATION, a/k/a SCHINDLER HAUGHTON ELEVATOR CORPORATION, a for-profit corporation doing business in the State of Washington,<br><br>Defendants. | Case No. C09-5687RJB<br><br><br>ORDER ON PLAINTIFFS' MOTION TO EXCLUDE |

This matter comes before the Court on Plaintiffs' Motion to Exclude Second Expert Report, Opinions and Testimony of Ron Creak. Dkt. 39. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file herein.

## I. **FACTS**

Plaintiffs bring this action against Defendants based upon injuries Plaintiff Larry Williams alleges he sustained while traveling on an escalator in a store owned by J.C. Penny Company, Inc. ("J.C. Penny") on or about March 28, 2007. Dkt. 1. Plaintiff alleges that the escalator was serviced under contract by Defendant Schindler Elevator Corporation, a/k/a Schindler Haughton Elevator Corporation ("Schindler"). *Id*. The Complaint alleges that Defendants were liable for negligently failing to warn Mr. Williams of the danger associated with the escalator, failing to maintain and/or repair the escalator in a reasonably safe manner, failing to inspect the escalator to discovery the hazardous conditions, and failing to erect a

ORDER
Page - 1

barricade to prevent use of the escalator. *Id.* Plaintiffs seek damages and costs. *Id.*

The case was filed on September 29, 2009 in Pierce County, Washington Superior Court. Dkt. 1. It was removed to this Court on November 2, 2009, based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. Dkt. 1.

Parties are now engaging in discovery. On May 19, 2010, the expert witness report disclosure deadline, Plaintiffs filed a report by C. Stephan Carr, Ph.D. (Dkt. 24) and Defendants filed the report of Ronald E. Creak, Q.E.I. (Dkt. 27) as their "experts in vertical transportation." On July 9, 2010, Dr. Carr filed a supplemental report based on additional discovery received by Plaintiffs. Dkt. 32. Mr. Creak filed an additional report, entitled "Expert Witness Rebuttal Report of Ronald Creak, Q.E.I., Pursuant to Fed. R. Civ. P. 26 (a)(2)(C)" on July 16, 2010. Dkt. 35. The discovery deadline was July 20, 2010. Dkt. 22. The Court, based on the parties' stipulation, granted an extension of time to allow for Mr. Creak's deposition to be taken on August 11, 2010. Dkt. 34. Plaintiffs canceled the deposition of Mr. Creak. Dkt. 42, at 12. The trial is set to begin November 1, 2010. Dkt. 16.

Plaintiffs now move to exclude the second expert report, opinions, and testimony of Ron Creak. Dkt. 39.

## II.   DISCUSSION

Fed. R. Civ. P. 26 (b) (1) provides the overall rule regarding the scope of discovery. It provides,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Considering this Rule as the overall framework, Plaintiffs' Motion to Exclude the Second Expert Report, Opinion and Testimony of Ron Creak (Dkt. 39) should be denied. Plaintiffs move for the exclusion of Mr. Creak's second report, arguing that it is not a rebuttal report, but is a significant expansion of the first report, including detailed facts and greatly expanded opinions and conclusions. Dkt. 39. Plaintiffs argue that Defendants were able to hold back their expert's reports until all Plaintiffs' expert's opinions, including his deposition testimony, were known. Dkt. 39. Plaintiffs argue that this is in contravention of the spirit and letter of Fed. R. Civ. P. 26 (a)(2).

1    Fed. R. Civ. P. 26(a)(2) provides that parties shall disclose the identity of their expert witness, if
2  any, and their written reports on the schedule ordered by the Court.  This Court's scheduling order
3  requires such disclosures by the deadline.  Nothing stops a party from filing an expert report before the
4  deadline.  Further, parties acknowledge that experts have a duty to supplement their reports under Fed. R.
5  Civ. P. 26(a)(2) (D).  Plaintiffs argue that Mr. Creak's second report was not a "supplement" to his first
6  report, but a significant expansion of his first.  Dkt. 39.  Defendants argue that Mr. Creak's second report
7  was intended as a rebuttal of Plaintiffs' expert's opinions as stated in his report and supplemental report.
8  Dkt. 42.  Under Fed. R. Civ. P. 26(a)(2) (C)(ii), evidence "which is intended solely to contradict or rebut
9  evidence on the same subject matter identified by another" party's expert witness report, must be filed
10 within thirty days of that report.  Mr. Creak's second report was filed within 30 days of the Plaintiffs'
11 expert's supplemental report, in accord with the rule.  It appears to be, in essence, a rebuttal report.
12 Defendants did not violate Fed. R. Civ. P. 26.

13   Further, Plaintiffs had the opportunity to depose Mr. Creak.  Defendants stipulated to an extension
14 of the discovery deadline in order to allow Plaintiffs a chance to depose Mr. Creak.  Plaintiffs decided to
15 cancel that deposition.  Plaintiffs' motion to exclude the second report, opinions and testimony of Mr.
16 Creak should be denied.

17   This opinion does not necessarily apply to issues which may be raised at trial regarding Mr.
18 Creak's testimony, if any.

### III.   ORDER

20   Therefore, it is hereby, **ORDERED** that:

21 •   Plaintiffs' Motion to Exclude Second Expert Report, Opinions and Testimony of Ron Creak (Dkt.
22     39) is **DENIED**.

23   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
24 party appearing *pro se* at said party's last known address.

25   DATED this 24th day of August, 2010.

                                    Robert J. Bryan
28                                  United States District Judge

ORDER
Page - 3